**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

1.  SHAYLA BRITT,                    )
                                     )
              Plaintiff,             )
                                     )
v.                                   )   Case No. CIV-17- CV-326-KEW
                                     )
1.  WAL-MART ASSOCIATES, INC.,       )
                                     )
2.  WAL-MART STORES EAST, LP,        )
                                     )
              Defendant.             )

## COMPLAINT

**COMES NOW THE PLAINTIFF** and hereby pleads his claims as follows:

## PARTIES

1. The Plaintiff is Shayla Britt, an adult resident of McIntosh County, Oklahoma.

2. The Defendants are:

    A.  Wal-Mart Associates, Inc., a foreign for profit business corporation doing business in McIntosh County, Oklahoma; and

    B.  Wal-Mart Stores East, LP, a foreign limited partnership operating in McIntosh County, Oklahoma.

## JURISDICTION AND VENUE

3. Plaintiff's claims are for discrimination on the basis of gender and pregnancy, including termination, in violation of Title VII of the Civil Rights Act of 1964 and Oklahoma's Anti-Discrimination Act. Jurisdiction over the federal claims is vested in this Court under and 28 U.S.C. § 1331.  The state law claims arise out of the same core of facts and jurisdiction over them is vested under 28 U.S.C. § 1367(a).

4. Venue is provided by 42 U.S.C. § 2000e-5(f)(3) under which jurisdiction is appropriate in any district in the State. Plaintiff resides within and worked for Defendants in McIntosh County, Defendants may be served in that county. McIntosh County is located in the Eastern District of the United States District Court of Oklahoma. Wherefore, venue is proper in this court.

## STATEMENT OF FACTS

5. Defendants each employed fifteen (15) or more employees during each of at least twenty (20) weeks of the current or proceeding calendar year, and is a covered employer under Title VII. There is no minimum number of employees required to be covered by the OADA.

6. Defendant Wal-Mart Associates, Inc., responded to inquiries from the Oklahoma Unemployment Security Commission regarding its policies and procedures and those applicable to Plaintiff, Plaintiff's training, and the details and reasons for separation of Plaintiff, and upon information and belief provided payment to Plaintiff through unemployment as well as during employment. Defendant Wal-Mart Stores East, LP, responded with the same information to Plaintiff's EEOC Charge of Discrimination, and held itself out as Plaintiff's employer. Therefore, on the best information available and upon belief, Defendants constitute a joint employer or an integrated enterprise for purposes of Plaintiff's claims.

7. Plaintiff Shayla Britt was employed by Defendants from around September 9, 2014, until her termination on or around June 13, 2016, as a sales associate in the

apparel department.

8. Around March 2016, Plaintiff advised her supervisor, Shane (last name unknown, assistant manager), that she was pregnant in conjunction with a request to leave work to go to the emergency room due to bleeding.

9. Shane allowed Plaintiff to leave, but counted the absence against Plaintiff under Defendants' attendance policies, even though Plaintiff offered to provide a doctor's note.

10. Around May 2016, Plaintiff inquired to her human resources office about taking a leave of absence to have her baby. Deanna Kay, human resources manager, advised Plaintiff to call a 1-800 number to get the necessary information.

11. On or around June 11, 2016, Kathy (last name unknown, assistant manager), asked Plaintiff if she was pregnant, to which Plaintiff responded that she was.

12. On the following day, around June 12, 2016, Plaintiff was terminated by Bonnie (last name unknown, assistant manager).

13. The reason Plaintiff was given for her termination was violating the key policy. However, the reason is pretextual in that Plaintiff was not trained on the key policy, and other, non-pregnant workers who violated the key policy were not terminated.

14. Motivating factors for Plaintiff's termination was Plaintiff's gender and/or her pregnancy and requests for accommodation related to her pregnancy.

15. As a direct result of Defendants' actions, Plaintiff has suffered lost wages

(including back, present and front pay along with the value of benefits associated with such wages), and dignitary harm/emotional distress type damages including stress, worry, and sadness.

16. Plaintiff has exhausted her administrative remedies by timely filing a charge of discrimination on July 26, 2016. The EEOC issued Plaintiff's right to sue letter on August 2, 2017, and Plaintiff received such letter thereafter. This complaint is timely filed within ninety (90) days of Plaintiff's receipt of her right to sue letter.

17. Discrimination based on gender and/or pregnancy, and retaliation for requests for accommodation of the same are prohibited by Title VII and by the Oklahoma Anti-Discrimination Act.

18. Under Title VII and the OADA, Plaintiff is entitled to compensation for all lost wages and benefits arising from the termination.

19. Under Title VII, Plaintiff is also entitled to recover damages for the dignitary harms suffered as a result of such termination.

## **PRAYER**

Plaintiff respectfully request this Court enter judgment in her favor and against Defendants and grant all compensatory damages suffered together with liquidated damages, attorneys' fees, costs and interest and such other legal and equitable relief as this Court deems just and proper.

**RESPECTFULLY SUBMITTED THIS  31st  DAY OF AUGUST, 2017.**

        HAMMONS, GOWENS, HURST
        & ASSOCIATES

        s/ Leah M. Roper
        Mark E. Hammons, OBA #3784
        Amber L. Hurst, OBA # 21231
        Leah M. Roper OBA # 32107
        HAMMONS, GOWENS & ASSOCIATES
        325 Dean A. McGee Avenue
        Oklahoma City, Oklahoma 73102
        Telephone:  (405) 235-6100
        Facsimile:  (405) 235-6111
        Leah@hammonslaw.com
        *Counsel for Plaintiff*
        JURY TRIAL DEMANDED
        ATTORNEY'S LIEN CLAIMED